UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FRANK MACIAS,

    Petitioner,

v.

RENEE BAKER, et al.,

    Respondents.

Case No. 3:15-cv-00461-RCJ-VPC

ORDER

This *pro se* habeas matter under 28 U.S.C. § 2254 comes before the court on respondents' motion to dismiss the unexhausted petition (ECF No. 10). In response to the motion to dismiss, petitioner Frank Macias filed a motion for stay and abeyance in accordance with *Rhines v. Weber* pending the conclusion of his state postconviction proceedings (ECF No. 12). Respondents opposed the motion for stay (ECF No. 14).

**I.    Procedural History and Background**

On August 5, 2008, a jury convicted Macias of count 1: robbery with the use of a deadly weapon; count 2: attempt murder with use of a deadly weapon; and count 3: possession of a firearm by ex-felon (exhibit 4).[1] The state district court sentenced him as follows: counts 1 and 2 – two terms of 72 to 180 months, each with an equal and consecutive term for the deadly weapon enhancement; count 2 consecutive to count 1; count 3 – 13 to 60 months, concurrent with counts 1 and 2; with 543 days credit for time

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 10, and are found at ECF No. 11.

1

served. *Id.* The Nevada Supreme Court affirmed the convictions on November 4, 2009. Exh. 6.

On January 19, 2010, Macias filed a *pro se* state postconviction habeas corpus petition. Exh. 7. The state district court appointed counsel, and Macias filed a counseled, second postconviction petition. Exh. 9. The State filed a response to the petition. Instead of issuing a decision, on July 31, 2012, the state district court issued an order to statistically close the case incorrectly stating the matter was resolved pursuant to a guilty plea. Exh.10.

No action was taken on Macias' post-conviction petitions until he resubmitted his initial *pro se* petition again with the state district court on July 10, 2013. Exh. 11. The State again filed a response, and on November 4, 2013, the district court issued an order denying "Defendant's Third Petition on the merits (referring to Macias' *pro se* petition filed on July 10, 2013). Exh. 12.

Macias timely appealed through counsel, arguing: "This case should be remanded in order for the District Court to make a ruling on all issues raised by Defense Counsel in Defendant's Second Petition." On September 18, 2014, the Nevada Supreme Court dismissed the appeal, stating:

> The district court order denying Macias' petition failed to address the claims raised in the petition filed on October 13, 2011, by his counsel, Brett Whipple. Because the district court order does not resolve all of the claims raised below, it is not a final order. Therefore, we lack jurisdiction over this appeal . . . .

Exh. 14 (Nevada Supreme Court Case No. 64466). Remittitur issued October 22, 2014. Exh.15.

Next, Macias dispatched his federal habeas petition for filing on September 3, 2015 (ECF No. 6). Then, on September 30, 2015, Macias initiated continued state postconviction proceedings by filing a *pro se*, fourth postconviction petition alleging a double jeopardy violation of the Fifth and Eighth Amendments. Exh. 16. The State filed a response requesting the district court to "address the concerns outlined in the Nevada

2

Supreme Court's September 18, 2014 Order Dismissing Appeal." Exh. 17 (arguing that the state district court should deny all claims in Macias' January 19, 2010, October 13, 2011, and July 10, 2013 petitions). As to the claims in Macias' fourth postconviction petition, the State argued that the petition was time-barred, barred by laches and/or was successive and waived. *Id.*

On May 2, 2016, Macias' postconviction counsel filed a supplemental brief addressing the "unresolved claims from [the] October 13, 2011 petition." Exh. 9. At the time respondents filed their motion to dismiss Macias' federal petition, the state postconviction petition was briefed and ready for disposition by the state district court. *See* exh. 1. This court may take judicial notice of the Nevada Supreme Court docket, and it appears that Macias' appeal of the denial of his state postconviction petition is currently before the Nevada Supreme Court. Case No. 71475.

##   II.   Legal Standards & Analysis

Exhaustion of state remedies is a prerequisite to a federal court's consideration of claims presented in a petition for writ of habeas corpus. 28 U.S.C. 2254(b). The exhaustion doctrine is based on a policy of federal-state comity designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Conner*, 404 U.S. 270, 275 (1971). It requires the habeas petitioner to "fairly present" the "substance" of his federal habeas corpus claim to the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The "fair presentation" requirement is only satisfied when the claim has been presented to the highest state court by describing the operative facts and legal theory upon which the federal claim is based. *Anderson*, 459 U.S. at 6; *Batchelor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982).

In his motion for stay and abeyance, Macias acknowledges that his federal petition is unexhausted (ECF No. 12). Macias explains that in the midst of the confusion of the errors in the state district court, and as it was unclear whether the state

courts were going to consider his state postconviction claims on the merits at all, counsel advised him that he should proceed with filing a federal habeas petition.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thus, this court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where

4

the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). See also *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

Here, if anything is clear in the procedural history of Macias' state-court litigation, it is that Macias can demonstrate reasonable confusion about whether his state filing or filings would be deemed timely. This court rejects respondents' argument that granting a stay under these particular circumstances would render orders to stay and abey routine, in contravention of the purposes of the Antiterrorism and Effective Death Penalty Act (AEDPA). Accordingly, petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted. Macias will need to file a motion to re-open the case after his state postconviction proceedings have concluded. In light of the stay, respondents' motion to dismiss shall be denied without prejudice.

### III.   Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion for stay and abeyance (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's state proceedings.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within **forty-five (45) days** of the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of any state court proceedings.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 10) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

DATED: This 6th day of March, 2017.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE