UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

FRANK MACIAS,

Petitioner,

v.

RENEE BAKER, et al.,

Respondents.

Case No. 3:15-cv-00461-RCJ-CLB

ORDER

Before the court is respondents' motion to dismiss certain grounds in Frank Macias' pro se 28 U.S.C. § 2254 habeas corpus petition as unexhausted or conclusory (ECF No. 23). As discussed below, the motion is granted.

**I.   Background & Procedural History**

In June 2008, a jury found Macias guilty of count 1: robbery with use of a deadly weapon; count 2: attempted murder with use of a deadly weapon; and count 3: possession of firearm by ex-felon (exhibits 52, 53).[1] The state district court sentenced him to consecutive terms of 72 to 180 months on the first two counts, each with an equal and consecutive term for the deadly weapon enhancement, with 13 to 60 months on count 3, concurrent with counts 1 and 2. Exh. 55.

The Nevada Supreme Court affirmed Macias' convictions in 2009 and affirmed the denial of his state postconviction habeas corpus petition in 2018. Exhs. 62, 113.

---
[1] Exhibits referenced in this order are respondents' exhibits and are found at ECF Nos. 11, 24-26.

1

In the meantime, Macias dispatched his federal habeas corpus petition for filing in November 2015 (ECF No. 6). This case was stayed pending the completion of his state-court proceedings and reopened in March 2019 (ECF Nos. 12, 15, 21). Respondents now move to dismiss certain claims in the petition as conclusory or unexhausted (ECF No. 23). Macias has not responded to the motion to dismiss in any way.

## II. Legal Standards & Analysis

### a. Conclusory Claims

In federal habeas proceedings, notice pleading is not sufficient. Mere conclusions of violations of federal rights without specifics do not state a basis for federal habeas relief. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). A petition may be summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible, patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

**Ground 2[2]**

Macias asserts that the State failed to provide medical records and toxicology reports until after trial had commenced (ECF No. 6 p. 5). Respondents argue that he fails to explain the importance of these documents or any reason why the late disclosure of such reports was detrimental to the defense (ECF No. 23, p. 6). The court agrees. Macias does not specify what medical or toxicology reports the defense received late, nor what they showed, nor the significance to the defense. Ground 2, therefore, is dismissed as conclusory.

**Ground 5**

Macias contends that he was denied the right to confront witnesses or present evidence (ECF No. 6, p. 9). Respondents are correct that he provides little or no information regarding what testimony or evidence he wanted to introduce (ECF No. 23,

---

[2] As respondents have, the court refers to the grounds as numbered by Macias. There does not appear to be a ground 4.

2

p. 6). Macias merely alleges that if he had had "the opportunity to cross examine witness and review new evidence . . . jury would have been made aware of all the facts." This is insufficient. Thus ground 5 is also dismissed as conclusory.

### b. State-law Claims

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under federal habeas corpus. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A petitioner may not transform a state-law issue into a federal one merely by asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004).

**Ground 3**

Macias argues that the imposition of the deadly weapon enhancement to his robbery sentence violates double jeopardy (ECF No. 6, p. 7). Respondents contend that this is not a federal constitutional claim, but a challenge to the state sentencing enhancement statute (ECF No. 23, p. 7). As pleaded, this ground states a claim of a violation of a federal constitutional right. The court declines to dismiss ground 3 on the basis that it complains only of a state-law issue.

### c. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the

claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge*

4

*v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

**Ground 3**

First, respondents argue that ground 3—the double jeopardy claim regarding the deadly weapon enhancement—is unexhausted (ECF No. 23, p. 9). Macias did not raise this claim to the state's highest court. See exhs. 62, 105, 113. Accordingly, ground 3 is unexhausted.

**Ground 1**

Next, respondents argue that several claims of ineffective assistance of counsel are unexhausted. In ground 1 Macias contends that trial counsel was ineffective for failing to: (a) cross-examine the victim's statement to the officer during the incident; (b) subpoena the officer who recorded the statement in the police report; (c) call Macias to testify despite his repeated requests to testify; (d) object and move for mistrial when the prosecutor mentioned prior bad acts; (e) object and move for a mistrial when the prosecutor referred to Macias by his nickname "Demon;" and (f) move the court for the medical records and toxicology report prior to commencement of trial (ECF No. 6, p. 3).

Macias presented grounds 1(d), 1(e) and 1(f) to the Nevada Court of Appeals in his appeal of the denial of his state postconviction petition. Exh. 105; *see also* exh. 113. He did not present the other subparts of ground 1 to the state's highest court. Therefore, grounds 1(a), 1(b) and 1(c) are unexhausted.

**Ground 6**

Macias argues that trial counsel was ineffective for failing to introduce "new evidence" of a statement and failed to cross examine the victim (ECF No. 6, p. 11).[3] He did not present this claim to the state's highest court. Exh. 105; *see also* exh. 113. Thus, ground 6 is unexhausted.

---

[3] Macias also re-argues the claim that his counsel was ineffective for failure to object to the prosecutor's use of his nickname "Demon." That portion of ground 6 is duplicative of ground 1.

5

### III. Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the court dismisses grounds 2, 3, and 5. The court further concludes that grounds 1(a), 1(b), 1(c), ground 3, and ground 6 are unexhausted. Because the court finds that the petition contains unexhausted claims, petitioner has these options:

> 1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice;[4] or
>
> 3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

As Macias is aware, with respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

---
[4] The court makes no assurances as to the timeliness of any future-filed petition.

6

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 23) is **GRANTED** as follows:

Grounds 2 and 5 are **DISMISSED**.

Grounds 1(a), 1(b), 1(c), ground 3 and ground 6 are **UNEXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

1 **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED: March 3, 2020.

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE