# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

FRANK MACIAS,

    Petitioner

v.

RENEE BAKER, et al.,

    Respondents

Case No.: 3:15-cv-00461-RCJ-CLB

**ORDER**

    In March 2020, this court granted in part respondents' motion to dismiss some claims in Frank Macias' pro se 28 U.S.C. § 2254 habeas corpus petition (ECF No. 32). In response, Macias has filed a motion to stay in order that he can return to state court to exhaust his unexhausted claims (ECF No. 33). He has also filed another motion for appointment of counsel (ECF No. 38). Respondents oppose both motions (ECF Nos. 35, 40). The motions are denied.

    In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's

failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.  The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.  The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005).  The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008).

In March 2017, this court granted Macias' first motion to stay this case pending the completion of his state-court proceedings (ECF No. 15).  The court then declined when Macias sought a continuation of the stay after his state litigation concluded (ECF Nos. 17, 21). The case was reopened, and respondents moved to dismiss several claims (ECF Nos. 21, 23).  The court dismissed 2 grounds and held that several claims were unexhausted (ECF No. 32). Macias now seeks a second stay and claims that such

a stay is in order to present unexhausted claims to the state's highest court (ECF No. 33).  Macias states that he filed unspecified "petitions and motions" in state district court in February and March 2018. But respondents represent that they have been unable to identify any active state cases for Macias (ECF No. 35).  This action has already been stayed, and Macias does not attempt to articulate good cause for his failure to exhaust these claims.  The second motion to stay is denied.

     Macias has also filed a second motion for appointment of counsel (ECF No. 38).  When it denied his previous motion, the court explained that there is no constitutional right to appointed counsel for a federal habeas corpus proceeding.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).  Macias' second motion for counsel is the same form motion that he filed in 2016 (*see* ECF Nos. 7, 38).  He has presented no new bases for the appointment of counsel.  Further, Macias has litigated in pro se extensively in this federal habeas matter as well as in his state-court proceedings. The court is not persuaded that counsel is warranted. Macias' second motion for counsel is denied.

As the motion for stay is denied, Macias must now either (1) submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims; (2) or he may opt to try to return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice.[1]

**IT IS THEREFORE ORDERED** that petitioner's motion to continue stay and abeyance (ECF No. 33) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **30 days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

---

[1] As the court has stated previously, it makes no assurances as to the timeliness of any future-filed petition.

1 **IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated: January 8, 2021

ROBERT C. JONES
UNITED STATES DISTRICT JUDGE