# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FRANK MACIAS,<br><br>    Petitioner<br><br>v.<br><br>RENEE BAKER, et al.,<br><br>    Respondents | Case No.: 3:15-cv-00461-RCJ-VPC<br><br>**ORDER** |

Respondents have answered the remaining claims in Frank Macias' pro se 28 U.S.C. § 2254 habeas corpus petition, and Macias has filed a reply in support of his petition (ECF Nos. 53, 55). The parties have subsequently filed several motions.

First, respondents filed a motion for leave to file a sur-reply in support of their answer to the petition (ECF No. 56). Respondents explain that Macias raised new ineffective assistance of counsel arguments in his reply to the answer and they seek to leave to file a sur-reply to properly preserve all possible defenses. Good cause appearing, the motion is granted.

Next, Macias filed a motion that was docketed separately as a response to the motion for leave to file a sur-reply (ECF No. 57) as well as three motions for various

forms of relief: motion to reconsider appointment of counsel; motion for evidentiary hearing; and motion to grant habeas corpus; (ECF Nos. 58, 59, 60). He has also filed a separate motion to dismiss the motion for leave to file sur-reply (ECF No. 67). In the motion to dismiss the motion to file sur-reply, Macias does not respond to respondents' request to file a sur-reply; instead, he urges that he exhausted his claims, including referring to claims he has previously formally abandoned (*see* ECF No. 46). The motion to dismiss the motion for leave to file a sur-reply (ECF No. 67) is denied.

Regarding appointment of counsel, when it denied his previous two motions for counsel, the court explained that there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).  The decision to appoint counsel is generally discretionary.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).  This court previously denied motions for counsel, finding that Macias' petition was clear, the legal issues were not particularly complex and that he has demonstrated his ability to litigate pro se throughout this case. Macias does not present a new basis for counsel here. The court remains unpersuaded that counsel is justified, and the motion is denied.

With respect to a purported motion for an evidentiary hearing, Macias only makes a passing reference to an evidentiary hearing without any elaboration. He does not explain what information he would seek to develop in such a hearing. His motion to grant habeas relief goes to the heart of the merits adjudication of his petition. His petition is fully briefed, and the court will issue a decision on the merits in due course. Macias also alleges in that motion that he was unaware of respondents' motion to dismiss until he received this court's order dated January 8, 2021 (*see* ECF No. 44). The record belies this contention; it reflects that the motion to dismiss was served on Macias at Warm Springs Correctional Center on August 9, 2019 (*see* ECF No. 23).[1] Moreover, the court granted the motion in part in March 2020 and directed Macias to inform the court how he wished to proceed with respect to his unexhausted claims (ECF No. 32). Macias complied with the court's order and filed a motion to stay in April 2020 (*see* ECF No. 33). Macias' claim—made for the first time here—that he was never aware of the motion to dismiss is disingenuous. The motion for evidentiary hearing (ECF No. 58) and the motion to grant habeas relief (ECF No. 59) are both denied.

---

[1] Respondents also attach as an exhibit Macias' Nevada Department of Corrections External Movement History, which reflects that Macias was at Warm Springs Correctional Center from August 8, 2019, until November 21, 2019 (ECF No. 65-1).

3

**IT IS THEREFORE ORDERED** that respondents' motion for leave to file sur-reply (ECF No. 56) is **GRANTED**. The Clerk of Court is directed to detach and file the sur-reply at ECF No. 56-1.

**IT IS FURTHER ORDERED** that the following motions filed by petitioner: motion to grant petitioner evidentiary hearing (ECF No. 58); motion to grant habeas corpus (ECF No. 59); motion to reconsider appointment of counsel (ECF No. 60); and motion to dismiss the motion for leave to file sur-reply (ECF No. 67) are all **DENIED** as set forth in this order.

Dated: March 2, 2022

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE